The judgment and conviction should be affirmed.

SMITH P. J., BARKER and BRADLEY, JJ., concur.

---

## Supreme Court—General Term—First Department.

*December*, 1886.

## PEOPLE v. STOTT.

(Affirming, 4 N. Y. Crim., 306).

### ABDUCTION.

Under section 282, subdivision 1, of the Penal Code as amended by Laws of 886, chap. 31, the offense of the abduction is complete whenever a female under sixteen years is taken, received, employed, harbored or used or caused so to be for the purpose of sexual intercourse and the sexual intercourse need not be proved if the purpose of taking be otherwise shown. But the occurrence of sexual intercourse may be proved as an element or incident tending to establish the purpose.

Upon the trial of defendant for abduction, a witness was permitted to testify that at the preliminary examination before the magistrate a letter was shown to defendant which he admitted having written, and after this testimony of the witness such letter was introduced in evidence against the defendant. *Held,* no error.

Even if the introduction of the evidence of such letter may have been in some degree irregular, such irregularity is cured by the defendant upon such trial admitting the genuineness of the letter and attempting to explain it.

Where it does not appear affirmatively that defendant had been cautioned by the magistrate before making a statement, as required by the Code, but does not appear that he had not been so cautioned, it will not be presumed that a magistrate failed in his duty and omitted to caution defendant.

Upon a trial for abduction it is not error to allow a doctor to express an opinion that the genitive organs of the abducted female had been penetrated with force within a week.

APPEAL by defendant John C. Stott, from a judgment of the Court of General Sessions of New York, Hon. FREDERICK SMYTH, presiding, convicting defendant of abduction of a female under sixteen years of age.

The facts as to the offense sufficiently appear in the opinion.

Upon the trial of the defendant the following occurred :

George H. Young, a witness for the people, testified. The witness heard certain answers given by the defendant in answer to questions put by the Police Justice upon the preliminary examination, and the witness was then asked :

Q. " What was the statement ? "

Objected to as immaterial, irrelevant and incompetent, because the law has provided the manner in which such testimony shall be recorded.

MR. HOWE : " I wish to state, now that it is sought to be proven by this witness, what occurred or transpired before the Police Justice when this defendant was arraigned before him on this very charge which this jury are now investigating. I submit, with great respect, but very positively, that it is not competent for this witness to testify what was proven against this defendant, or what he said in response to any interrogatory put by the Judge or any one else.

" It does not appear that the defendant, when before the Justice and questioned by him, was first informed of his rights and privileges, as provided in Section 196 of the Code of Criminal Procedure. Pursuant to Section 198 of the Code of Criminal Procedure, it gives the Magistrate no authority to ask any but the questions in that section mentioned. " Sections 199 and 200 of the Code of Criminal Procedure requires the statement to be reduced to writing and authenticated, as in said section provided, to make such statements competent."

THE COURT : " I will not admit anything but what the prisoner said himself."

MR. HOWE : " That is open to the same objection."

Objection overruled. Exception.

BY MR. FITZGERALD : " Now, Mr. Witness, you understand the ruling of the Court. What did he say ?

A. " On the afternoon of the 21st day of April last——"

BY MR. HOWE: Q. " Was this in respect to question put by the Judge ? "

A. " Yes, sir ; and the answers which he gave."

Q. " And you are about to give answers to the questions put by the Judge ? "

A. " Yes, sir."

Objection renewed. Overruled. Exception.

(Answer continued) : " The defendant said that he knew Hulda Wissler ; that he seen her about a week previous, and that he could ascertain her whereabouts and produce the girl in Court next day. He also admitted——

BY THE COURT : Q. " That won't do. What did he say ? "

A. " I then showed him a letter that I had in my possession."

BY MR. FITZGERALD : Q. " I show you a letter ; is that the letter ? "

A. " Yes, sir ; that is the letter."

Q. " Where did you get that letter ? "

A. " I got the letter from the mother of the girl, who has just testified."

Q. " And you showed him the letter ? "

A. " Yes, sir ; and he said that it was his handwriting, and that he wrote the letter."

Q. " Now, when did you next see him ? "

A. " On the 22d of April, the day after, at the Essex Market Police Court, with the girl."

Q. " And she was taken in custody by the Society."

A. " By me ; by the Society."

Letter and envelope offered in evidence.

Objected to as immaterial, incompetent and irrelevant. Admitted. Exception.


### (LETTER).

" ' Why did you not come back to-day. I was down stairs at the time you called and had not gone over ten minutes, and when I came back the boy told me you had called. I stayed in then till five o'clock expecting you. I have the money

now all right, and want to do right by you; I won't be home
to-night at my room till late, but want you to come to-mor-
row night sure, when I will fix it all right—tell Katie to come
too.   I will have a fellow for her also.   I hardly think I will
be in the office to-morrow, but at home in the evening sure.
Come about 7 o'clock; will wait till half past 7 for you, so
don't fail to show up on time to-morrow night.

" ' Yrs., etc.,

" ' J. C. STOTT.' "

During the trial, a doctor was permitted to testify that he
had examined the abducted female and that the " vagina and
the entrance by their inflammation showed that the whole
penetration had taken place and that force had been used to
accomplish it."

*Hare* v. *Hummel*, for defendant appellant.

I. The testimony as to admissions by defendant before the
examining magistrate was improperly admitted.   They were
not in writing nor signed, and certified by the magistrate
(Code of Criminal Procedure § 200); nor were they in an-
swer to questions allowed by § 198 of the Code of Criminal
Procedure. · Nor did the Magistrate inform the defendant as
to his right to make a statement in relation to the charge,
(Code Criminal Procedure, § 196).   *People* v. *M'Gloin*, 1
N. Y. Crim., 105, reported on appeal, 1 N. Y. Crim., 154;
*Hendrickson* v. *People*, 10 N. Y. 28; *Teachout* v. *People*, 41
N. Y., 7; *Bellinger* v. *People*, 8 Wend., 598.

II. The testimony of the doctor as to the condition of the
genitive parts of the abducted female was inadmissible in so
far as it pretended to give not the fact of the condition, but
what might have caused the condition of those parts.   This
was usurping the province of the jury.   *People* v. *Rector*,
19 Wend., 576; *Manke* v. *People*, 17 Hun., 416; *Van Zandt*
v. *Mut. Ben. Life Ins., Co.*, 55 N. Y., 179; *Kennedy* v. *People*,
39 N. Y., 245; *People* v. *Bodine*, 1 Den., 311; *Wilson* v.
*People*, 4 Park., 619; *Jefferson Ins. Co.* v. *Cotheal*, 7 Wend.,
78; *Dolz* v. *Morris*, 10 Hun., 201.

*Randolph B. Martine,* district attorney, *McKenzie Semple,* assistant, for the people respondents; cited as to the meaning of the words " taken for the purpose of sexual intercourse" *People* v. *Platt,* 4 N. Y., Crim., 53; *People* v. *Seeley,* 3 N. Y. Crim., 225, (other points made on behalf of the people are covered by the opinion of the General Term).

DAVIS, P. J: The appellant was indicted, tried and convicted of the crime of abduction under the provisions of section. 282 of the Penal Code.

The first subdivision of that section is as follows. " A person who, (1) takes, receives, employs, harbors or uses, or causes or procures to be taken, received, employed, harbored or used, a female under the age of sixteen years, for the purpose of sexual intercourse, or without the consent of her father, mother, guardian or other person having legal charge of her person, for the purpose of marriage, is guilty of abduction and punishable by imprisonment for not more than five years or by a fine of not more than one thousand dollars or by both."

This statute was intended to throw absolute protection around females of less than sixteen years of age, against the evil of sexual intercourse to which their tender years may be exposed, whether under the form of marriage or without marriage, and without regard to the consent of the female or of her father, mother, guardian or other person having legal charge of her, The crime created by this statute is quite independent of the fact whether there there be actual seduction or fornication or forcible intercourse and the commission of neither of those offenses is material except when the crime is merged in the higher felony of rape.

The crime under this section of the Penal Code is complete whenever a female under sixteen years is taken or received or employed, or harbored, or used or caused so to be, for the purpose of sexual intercourse or for the purpose of marriage, and neither the intercourse nor the marriage need be proved, if the purpose of taking be otherwise shown, but either of them may be proved when it has actually occurred as an element or incident tending to establish the purpose.

The objects of this statute are most beneficial in the interests of public and private morality, and it is the duty of courts to see that its provisions are respected and enforced; and whoever was instrumental in procuring its enactment is entitled to commendation, and not to censure.

The learned and able recorder who presided at the trial of the appellant in this case gave to the statute under which he was indicted its correct construction. He gave to the accused a fair and impartial trial, and he submitted to the jury the questions of fact upon which the guilt or innocence of the accused depended with a clearness which could not have been misapprehended. The female whom the appellant was charged with having abducted was shown to have been under sixteen years of age. There was no doubt from the evidence that she was taken to the appellant's room in the first place by him, and that she afterwards visited his room with another female at his request, or on her own suggestion, for some purpose either innocent or guilty. The evidence of the people if believed by the jury showed the purpose to have been a guilty one, for it proved actual fornication either with or without the consent of the female. The testimony of the doctor called by the people tended to sustain the fact of sexual intercourse. There was also abundant corroboration, if believed by the jury, of the testimony of the female.

This testimony was sought to be discredited by the explicit denials of the appellant, and by strong evidence of his general good character, as well as by testimony of other witnesses contradictory of that on behalf of the people. The jury were instructed to give to these their full weight and not to convict the appellant unless the whole evidence of the case convinced them beyond reasonable doubt that the girl was taken or induced to come to his room with the intent or for the purpose on his part of having sexual intercourse with her.

We can see nothing in the facts of the case to justify us in concluding that the verdict was not supported by sufficient evidence or was against its clear weight, or that there was any failure in establishing any necessary element of the crime

if the jury accepted the people's evidence as true. We are not at liberty, therefore, to disturb the verdict on any question of fact.

The questions of law were rightly disposed of. The evidence of the statements of the appellant when arraigned before the accused related chiefly to his admission that the letter purporting to have been written by him to the girl, was genuine. It does not appear affirmatively that he had been cautioned by the magistrate before making his statement as required by the Code; but it does not appear that he had not been. As that was a duty of the magistrate it will not be presumed that it was not performed. It has been doubted in some cases whether such a statement is admissible in evidence except when taken by the magistrate in the prescribed form, in which case it must be proved by the record itself. In this case there was no attempt to prove the contents of any such record by oral evidence, but so far as it was material to prove that the witness showed him, the prisoner, a letter while he was being examined, and that " he said that it was his handwriting; that he wrote the letter." In this connection it is material to notice that the genuineness of the letter was not disputed at the trial. The defendant himself when on the stand admitted it and attempted to explain the letter so as to disarm it of any guilty interpretation. In our opinion, there was no fatal error in admitting the testimony under all the circumstances of the case, and if there might have been some taint of irregularity, it was wholly cured by the defendant's own testimony, which left no room for doubt of the genuineness of the letter. Nothing else material to the case was shown by his declarations made at that time. The construction and intent of the letter under the conflicting evidence were questions for the jury. The other alleged error most strenuously urged is that of allowing the doctor to express an opinion that the genitive organs of the female had been penetrated with force within a week. That opinion was proper. It did not embody an opinion as to the character of the penetration, or whether by sexual connection or otherwise, but a

mere opinion that from the manifest injuries there had been some sort of penetration by force. It was of the same nature as the very common testimony that the appearance of a wound showed that it had been inflicted by some instrument and some degree of force.

We have not neglected to consider all the other questions raised in the case and none of them impresses us with the idea that there was any material error committed by the court. Our attention has been called to the case of the *People* v. *Mondon*, lately decided by the court of appeals and reported in 4 N. Y., Crim. Rep. 552. That case announces no new law, but simply recognizes and enforces an existing rule. It does not show that the admission of confession of handwriting at an examination is fatal to a conviction where on the trial of an indictment the genuineness of the letter thus admitted is not in dispute, but is freely again admitted by the defendant. This latter fact distinguishes the case from the one just referred to.

We think the judgment must be affirmed.

DANIELS and BRADY, JJ., concur.

NOTE. The English Criminal Law Amendment Act, 1885 (48, 49 Vict. Chap. 69.) enacts by section 6 " any person being the owner or occupier of any premises or having or acting or assisting in the management or control thereof duces or knowingly suffers any girl of such age as in this section mentioned to resort to or be in or upon such premises for the purposes of being unlawfully and carnally known by any man whether such carnal knowledge is intended to be with any particular man or generally shall....be guilty of," etc.

Under this act a parent may be convicted notwithstanding that the person suffered to be carnally known is the daughter of the defendant and the place of the offence is the house in which the parent and the daughter were living together. *Regina* v. *Webster*, 15 Cox. Crim. Cas. 775.

As to abduction see *People* v. *Plath*, (Platt). 3 N. Y. Crim., 129, reversed 4 N. Y. Crim., 53.